**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALLACE DENNIS, | |
| Plaintiff, | Civil Action No. 19-19165 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| MONMOUTH COUNTY CIVIL DIVISION *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Superior Court of New Jersey, Monmouth Vicinage Civil Division (the "Division"), the Honorable Paul X. Escandon ("Judge Escandon"), and Alfred Peskoe's (collectively, "Defendants") Motion to Dismiss pro se Plaintiff Wallace Dennis's ("Dennis") Complaint. (ECF No. 13.) Dennis opposed (ECF No. 15), and Defendants replied (ECF No. 18).[1] The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

**I.   BACKGROUND**

In this action, Dennis sues three judicial Defendants—a judge, a court-appointed mediator, and a division of the Superior Court of New Jersey. As to why, Dennis's Complaint alleges a "civil

---

[1] Dennis sur-replied without leave of the Court and in violation of this District's Local Civil Rules. (*See* ECF No. 19; L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.").) Nevertheless, out of an abundance of caution, the Court considered Dennis's sur-reply in its decision today.

rights violation," "race discrimination," and "disability act." (Compl. 3, ECF No. 1.) As to substance, Dennis's Complaint states in full, "My civil rights were violated in civil court. Monmouth County failed to honor a mediated settlement by not providing the proper documents to a pro se plaintiff after a settlement agreement in court." (*Id.* at 4 (errors corrected).) As to damages, the Complaint seeks $150,000 stemming from the "three years [Plaintiff] ha[s] suffered dealing with this matter." (*Id.*) The instant Motion followed.

## II. LEGAL STANDARD

### A. 12(b)(1) Motion to Dismiss

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion . . . to be turned into an attack on the merits." *Id.* at 272 n.14.

### B. 12(b)(6) Motion to Dismiss

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

2

omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. **DISCUSSION**

The Court first addresses whether it has subject matter jurisdiction. It doesn't. Under settled immunity principles, Dennis seeks relief from immune Defendants, thereby depriving this Court of jurisdiction. *First*, as an arm of the State, the Division is immune from suit in federal court under the Eleventh Amendment. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[S]tate courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *Johnson v. New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994) ("This Court finds that the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity."). *Second*, Judge Escandon enjoys not only Eleventh Amendment sovereign immunity but also absolute judicial immunity. *See Dongon*, 363 F. App'x at 156; *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts." (citing, among other cases, *Mireles v. Waco*, 502 U.S. 9, 9 (1991))). *Finally*, for similar reasons, Peskoe enjoys quasi-

judicial immunity in his role as a court-appointed mediator, as several courts have concluded. *See Wolf v. Escala*, No. 14-5985, 2015 WL 2403106, at *11 (D.N.J. May 20, 2015) (finding court-appointed mediator in the Superior Court of New Jersey to be entitled to quasi-judicial immunity); *Joynes v. Meconi*, No. 05-332, 2006 WL 2819762, at *6-7 (D. Del. Sept. 20, 2006) (finding mediator employed by State family court entitled to quasi-judicial immunity).

To be sure, even liberally construed, Dennis's Complaint does not allege any facts that would allow the Court to infer an exception to any of the above immunity doctrines. It does not allege, for example, that the State has abrogated its sovereign immunity for—or consented to—this type of suit. Nor does it provide facts that Judge Escandon or Peskoe acted outside their judicial capacities or acted without jurisdiction. *See Gallas*, 211 F.3d at 768 (quoting *Mireles*, 502 U.S. at 11). Indeed, Dennis's Complaint barely alleges any facts at all. The Court thus concludes that it lacks jurisdiction.

## IV. <u>CONCLUSION</u>

The Court dismisses Dennis's Complaint. It will issue an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE